IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM MORRIS RISBY, | § | |
|     Plaintiff, | § | |
| | § | 3:10-CV-1117-M-BF |
| v. | § | |
| | § | |
| FEDERAL BUREAU OF PRISONS | § | |
| AND AGENTS, ET AL., | § | |
|     Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, a federal prisoner incarcerated at FCI Fort Worth, filed this *pro se* Petition for Writ of Execution against the Federal Bureau of Prisons and Agents. Plaintiff seeks to proceed *in forma pauperis*. The Court did not issue process pending preliminary screening.

In 1998, Plaintiff was convicted in this Court of multiple counts of embezzlement, bribery, and money laundering, and was sentenced to ninety-seven months imprisonment. *See United States v. Risby*, 3:98-CR-94-H (N.D. Tex 1998), *aff'd*, 211 F.3d 124 (5th Cir. 2000). In 2002, he was convicted of conspiracy to commit mail fraud and mail fraud, and this Court sentenced him to 78 months imprisonment to run consecutive to the undischarged term of imprisonment in No. 3:98-CR-94-H. *See United States v. Risby*, 3:00-CR-442 (N.D. Tex. 2002),

*aff'd*, 115 Fed. Appx. 694 (5th Cir. Nov. 12, 2004) (unpublished *per curiam*), *vacated*, 125 S.Ct. 1872 (2005), *affirmance reinstated*, 170 Fed. Appx. 354 (5th Cir. Mar. 15, 2006) (unpublished *per curiam*).

On June 4, 2010, Plaintiff filed this "Petition for Exeuction" (hereinafter "complaint") requesting that this Court issue a writ of execution because Defendants have allegedly failed to honor a judgment pending with the Department of Treasury in Arkansas. Accompanying his complaint, Plaintiff attached one UCC Financing Statement Amendment and a UCC Financing Statement Amendment Addendum, both filed with the Arkansas Secretary of State. Plaintiff did not attach the two judgments (Nos. 7131065218 and 40000005145584) to which he referred in his complaint.

On June 15, 2010, Plaintiff filed a list of supplemental "debtors," including five more individuals that are identified as "UCC Debtors." On September 29, 2010, Plaintiff filed a second list of "Additional Supplemental Debtors" that listed five more individuals Plaintiff identified as "debtors for their continuous violations of fraud, threat, duress, and coercion by false fraudulent reports, detention, etc."

Plaintiff is seeking "one million dollars per day" for each listed individual or organization, "Effective April 1, 2010 until obligations are performed."

## II. ANALYSIS

A. <u>Prior Warnings and Sanctions</u>

A nationwide search of cases filed by Plaintiff since 2002 reflects that he filed seven
prior
civil actions in this Court and the United States Court of Federal Claims (excluding motions to

vacate sentences under 28 U.S.C. § 2255), fifteen appeals in the United States Court of Appeals for the Fifth Circuit, and numerous involuntary petitions and miscellaneous documents (docketed as a single case) in the United States bankruptcy courts for the Eastern and Western Districts of Arkansas. Although Plaintiff has not accrued "three strikes" under 28 U.S.C. § 1915(g), a close review of the above cases establishes that he was sanctioned on two prior occasions for filing frivolous actions and other baseless pleadings against individuals and entities who were directly or indirectly involved in his criminal prosecution.

This Court takes judicial notice of the following cases and sanction orders.

In 2007, Plaintiff filed three actions in the Federal Court of Claims. The first action alleged false imprisonment and various torts committed against him by individuals and the United States. *See Risby v. United States*, Fed. Cl. No. 07-153C (Fed. Cl. April 6, 2007). The Federal Court of Claims dismissed the action *sua sponte* for lack of subject matter jurisdiction and directed plaintiff to stop filing frivolous claims in federal court.[1]

Shortly after filing the first action, Plaintiff filed two cases in the Federal Court of Claims. *See Risby v. United States*, 2007 WL 5173625, at 1 (Fed. Cl. 2007) (unpublished). In each of the subsequent cases, he sought an order from the court requiring correction of his prison records, his release from federal custody, and in the third case, money damages for false imprisonment. On September 19, 2007, the Federal Court of Claims dismissed the second and third cases for lack of subject matter jurisdiction and for failure to state a proper claim, and ordered the court clerk to refuse to "accept any future complaints or pleadings from Plaintiff

---

[1] A summary of the claims and disposition of Plaintiff's first case is available in the Federal Court of Claims' decision dismissing the second and third case. *See Risby v. United States*, 2007 WL 5173625, at 2 and 5-6 (Fed. Cl. 2007) (unpublished).

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge** -3-

without his first obtaining leave of Court."

In December 2007, Plaintiff submitted 74 involuntary petitions and other miscellaneous documents to the U.S. Bankruptcy Court for the Eastern and Western Districts of Arkansas. *In re Risby*, 2008 WL 116701, at 1 (Bankr. E.D. Ark. 2008). He named (as in the attachments to the complaint in this case) miscellaneous individuals, certain federal officials, and federal entities, as well as television channels and a Texas school district. The miscellaneous documents included, as in this case, a number of financial documents, such as UCC Financing Statements, some of which were filed with the Arkansas Secretary of State. In the UCC Financing Statements Plaintiff alleged *inter alia* "that the appellate court, along with the U.S. District Court for the Northern District of Texas, violated numerous federal laws 'and the participants thereof have chosen to purposefully violated [sic] Law, Public Policy, and the Constitution to keep William M. Risby falsely imprisoned,'" On January 7, 2008, the Bankruptcy Court directed the clerk to reject and not docket any of Plaintiff's submissions. The Court then barred Plaintiff from filing any involuntary petitions "unless pre-approved by of Judge of th[at] Court."

In addition to the above sanctions, the Court takes judicial notice of the orders issues in a civil case in which Plaintiff has filed in this Court. *See Risby v. United States*, 3:04-CV-1414-H (N.D. Tex. Nov. 21, 2006). In the dismissal order, the Court warned Plaintiff that the "continued filing of frivolous, 'Republic of Texas'-style documents, particularly those with implied threats of filing 'commercial liens' against officers of the court, will subject him to sanctions, including summary striking of the documents by the clerk." Shortly thereafter, the court struck documents submitted by Plaintiff in violation of the prior order. The Court also directed the clerk "to reject any future submissions of a similar nature not recognized by the Federal Rules of Civil

Procedures, and to return them to Plaintiff unfiled."

In light of Plaintiff's repeated filing of frivolous litigation against individuals and entities directly or indirectly involved in his federal criminal prosecutions and subsequent imprisonment, the Court concludes that the sanction orders from the Federal Court of Claims and the Bankruptcy Court in Arkansas should be upheld. *Cf. Balawajder v. Scott*, 160 F.3d 1066, 1067-68 (5th Cir. 1998) (approving district court's policy of honoring sanction order of another district court where prisoner had long history of involvement in frivolous litigation); Miscellaneous Order No. 48 (N.D. Tex. Nov. 15, 1993) (permitting Northern District of Texas to enforce sanctions imposed by another federal court in Texas against Texas Department of Criminal Justice inmates).

Accordingly, because Plaintiff did not seek and obtain leave of court to file the complaint in this case, the Court should order it stricken. Even if the Court were to file the complaint in this case, the Court should deny such leave because Plaintiff's complaint is patently frivolous.

B.  Frivolous Complaint

Because Plaintiff seeks leave to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b). A district court may summarily dismiss a complaint filed in forma pauperis if it concludes, inter alia, that the action is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Williams*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is grounded upon a discredited or untenable legal theory. *Neitzke*, 490 U.S. at 325. A claim is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal

theory upon which a complaint relies is 'indisputably meritless.'" *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); see also *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

Although Plaintiff's complaint is opaque and difficult to understand, the court liberally construes it with all possible deference due a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (allegations of *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers). Even under the most liberal construction, Plaintiff's request for a "Petition of Execution" is factually baseless. His allegations regarding "commercial judgments" against the Federal Bureau of Prisons and Agents as well as numerous other organizations and individuals describe fantastic or delusional scenarios, which "rise to the level of the irrational or the wholly incredible. *Denton*, 504 U.S. at 33. Accordingly, the Complaint should be dismissed as factually frivolous.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the sanction orders from the Federal Court of Claims and the United States Bankruptcy Court for the Eastern District of Arkansas be EXTENDED to this case, and that the complaint and motion to proceed *in forma pauperis* be STRICKEN because Plaintiff failed to seek leave to file them in accordance with the above orders. Even construing the complaint as requesting leave to file it, the Court should deny such leave because Plaintiff's complaint is patently frivolous.

It is further recommended that the complaint be DISMISSED with prejudice as frivolous, *see* 28 U.S.C. § § 1915(e)(2)(B) and 1915A(B)(1), and that Plaintiff be PROHIBITED from filing any civil action in this Court unless he has obtained permission through a proper motion for leave to file. This dismissal will count as a "strike" or "prior occasion" within the meaning of

28 U.S.C. § 1915(g).

Signed this 28th day of October, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services* Automobile *Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).